U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

James M. Ramalho
Appearing By Convenience, Not By Confirmed Right Of A U.S. District Court
Appearing Specially, Privately, and Not Generally:

---

**Legal Address**: Lot 12 on "Plan of Lots," Plan 2478, of Overland Terrace ("OT"): Beginning OT - southeast corner of Lot 11 on northerly line of Bullard Drive; then N 00° 57' W by the easterly line of said Lot 11,113.38 feet to a point; then N 72° 30' E, 132.57 feet to a point; then S 21.° 16' E, 287.94 feet to a drill hole in stone in stone wall; from said point, being the northeast corner of Lot #13; then N 74° 46' W by the northeasterly line of said Lot 13, 180.88 feet to a point on the curve of Bullard Drive; then northerly by the curve of Bullard Drive; curve radius being 55.0 feet; the half delta being 52° 05' a distance of 100.0 feet to the point of beginning, located specifically, legally, by said coordinates in the organic and legal Town of Hookset, in the organic and legal County of Merrimack, in the organic and legal State of New Hampshire – not owned by United States of America. – not a post Road; – not on a post Road; – not in a U.S. district.

---

## IN THE UNITED STATES [ALLEGED] DISTRICT COURT
## FOR THE [ALLEGED] DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Alan Rowe, for the Internal Revenue Service, federal agency, for the United States of America, et al, | **OPPOSITION TO JUDICIAL REQUISITE FOR ORDER TO SHOW CAUSE BY, INTER ALIA, DIRECT CHALLENGE FOR SUBJECT MATTER JURISDICTION OF THE COURT NAMED ABOVE** |
| Counter-Charged as [Fraudulent] Petitioner, | |
| v. by counter-claim | |
| James M. Ramalho, | Misc. Case # 1 : 06 – mc  1 – JD |
| Appearing As Stated Above, As | Judge  Joseph A. DiClerico, Jr. |
| Responding Demandant, | |

COMES NOW James M. Ramalho, as responding demandant, appearing specially, privately, and

not generally, for purposes of providing a courteous as well as needful – to clear up any

misunderstanding – reply to its petition referred to as an order to show cause, done at the behest

of one Alan Rowe, to be shown as being and referred to as being a fraudulent petitioner, except

the same said [fraudulent] petitioner Rowe can show that the same deprived the court of no

material fact which responding demandant must now supply the court with, for its better

understanding of the facts that said [fraudulent] petitioner did aver to, under penalty of perjury, was the precise truth, no implied or existent material fact being left out, in his petition filed with the court.

I.      On or about September 10, 2005, counter-charged hereby as "fraudulent petitioner," Alan Rowe, as per a letter or letters allegedly prescribed by the same, engaging in deductive legal reasoning and subsequent activities while representing another, and not by an use of an official OMB numbered form as required by law, and not being a licensed attorney of the State of New Hampshire bar, did send a letter or letters, not OMB number lawfully-certified form or forms, to a popular, not legal, address known as 24 Bullard Drive, Hookset – not a post Road, New Hampshire, now known as 33 Bullard Drive, Hookset – not a post Road, New Hampshire - near the post office identified as number 03106, the same being subsequently advised that such address was not the [f]actual legal address of responding demandant, which responding demandant residing and having abode, in fact and in law, at the physically and legally existent place or precise legal location as is set forth above.

II.     BUT, that to the extent that counter-charged as fraudulent petitioner, Alan Rowe, was desirous to communicate with responding demandant further, that said responding demandant, in the event that the individual Alan Rowe, acting in any official capacity that he might employ to represent the United States central government, whose primary legal existence is grounded, Constitutionally, in the Territory of Washington, the District of Columbia, would cooperate with him, responding demandant, by addressing the matters of legal-physical location of jurisdiction, upon which subject matter jurisdiction, personal jurisdiction, and procedural jurisdiction, must

each and all hinge, then responding demandant would in return cooperate with him, [fraudulent] petitioner, who in turn, instead, subjected responding demandant to, and elected to subjugate responding demandant's Constitution-rights BY and IN:

1.     That [charged as fraudulent] petitioner, being provided adequate permitted ability to enter upon any letter or parcel the popular address above stated, in order that the same might have possibility of being delivered to responding demanding the same as previously done, was to be required to, at the same time, place upon the same item to be delivered responding demandant's one Legal Address – not a post Road, showing precisely where, and where not, responding demandant was and is actually located.

2.     That there was contained in the same document provided to [fraudulent] petitioner a copy of such Legal Address – not a post Road, contained in a square measured at approximately 1 / 2" by 3 & 1 / 4" which [fraudulent] petitioner would be able to simply cut out and paste or tape over upon the desired document to be delivered, as with any address label, directly below responding demandant's popular address, thereby to be delivered to responding demandant accordingly.

3.     That in the event that [fraudulent] petitioner, in that instance as Alan Rowe, were to send any document or article to responding demandant as prescribed, with *both* popular and Legal Address – not a post Road, being placed upon the same, that responding demandant would then fully cooperate with [fraudulent] petitioner Rowe by responding to him with such further proper, jurisdictional subject matter as he, [fraudulent] petitioner

Rowe, might desire of responding demandant, until all of [fraudulent] petitioner's questions might be properly answered to the fullest degree provided for by law.

4. But That fraudulent petitioner, evidentially knowing, and not merely "should have known," that to send any petition, summons, or other instrument through the United States Postal Service by way of use of an official envelope representing the Internal Revenue Service federal agency, that because such envelope bears upon it the words, "For Official Use Only," that by his act to do the same would have Certified, for all legal intents and purposes, precisely where responding demandant physically and legally was located in his daily official life's activities, and precisely where responding demandant physically and legally was not.

5. That as a Collateral Attack upon the Constitutional rights, preserved otherwise by the Constitution's Article III, Section 2, Clause 1, Phrases 1 and 4 thereof, and done in order to avoid officially certifying the factual physical and legal location of responding demandant, [fraudulent] petitioner Alan Rowe, as admitted to by his own officially submitted averment, did enter by unlawful trespass upon the Legal Address – not a post Road, set forth above (see Exhibit A, attached hereto. NOTE in Exhibit A that there exists at this time picture depicting the number 33 on the front of abode's or house structure thereon, as well as upon the mail box itself – not the property of the United States and so *not compelled to use the number 24 thereon as may have been done on a previous occasion,* except the same be construed as "Mail & Post Office" Fraud), on or about the date of October 7, 2005, and thereon, either by failing or refusing to acknowledge the

posted Legal Address attached to the side of the Legally Existing Property within the

organic State of New Hampshire, and not elsewhere, did place upon responding

demandant's door a document, bearing no Legal Address – not a post Road posting

thereupon the same, which said document, failing to bear upon it the requisite Legal

Address, was consequently returned to the sender, [fraudulent] petitioner Alan Rowe,

without being either read, reviewed, known as to either its specific or general contents,

and therefore possibly not accepted as to whatever its contents were supposed to have

been, by responding demandant;

6.      That there is and was no existing law that requires any person to receive either the

United States mail, with which fact the U.S. Supreme Court has agreed, nor is there any

law which requires any person residing in any State of the several States to receive or

accept any document placed upon any property not located in any U.S. district, which

responding demandant's Legal Address above was and is not, which fact [fraudulent]

petitioner knew to be the truth of the case, certified by him by his tacet confirmation, by

avoiding or even attempting to send any document to the Legal Address prescribed for

him, but choosing to visit the Legal Address and avoid using the United States mails and

the official certification process otherwise employed thereby instead.

7.      That fraudulent petitioner, in his averment, with reckless indifference to the truth,

stated that he had "served" responding petitioner "by handing it to Mr. Ramalho, as

evident in the certificate of service," made the [fraudulent] assumption, even though he

knew in advance, having been previously invited to provide the same proposed summons

document by the United States mail but which he refused to utilize for equally [fraudulent] cause, that the location upon which he stood was not located in any U.S. district of the United States, that "Mr. Ramalho" was required by either his, [fraudulent] petitioner's, presence there or by any thing that he may have held in his own hand while so standing there, was read at all by Mr. Ramalho and not returned, without reading or reviewing, either specifically or generally, to [fraudulent] petitioner Alan Rowe at his own not a post Road address, as he was advised, in advance, would be the case in the event that he proposed to cause to be delivered any instrument not bearing the State of New Hampshire organic property's Legal Address – not a post Road, not on a post Road. upon the same said instrument, which precise action is what took place from that instance – claimed by Mr. Rowe, [fraudulent] petitioner – forward, as responding demandant had stipulated would occur in the event that [fraudulent] petitioner Alan Rowe did in fact attempt to go around the Constitution in relation to the power of right of property in any State, constrained, and not liberated, by either Clause 17 of Section 8, Article I. Clause 2 of Section 3, Article IV, Article III, Section 2, Clause 3, and Article IV. Section 4, minimally, as well as the existence of facts, not controverting questions of law, as they relate to the legal and physical property existent at the borders of any State's lines, upon which no United States property exists, any claim for an existence of any alleged "federal zone" notwithstanding.

8.      In addition to the fact that [fraudulent] petitioner Alan Rowe entered upon the aforesaid Legal Address – not a post Road – property of responding demandant, <u>when already having been invited to have any instrument whatsoever delivered to the same</u>

location by the United States mail, a delivery mechanism obviously more convenient to

[fraudulent] petitioner Rowe than any personal delivery would be, at the time when, as

[fraudulent] petitioner Rowe handed the unknown, at that instance, instrument in question

to responding demandant, and responding demanding immediately noting that the

unknown paper bore no Legal Address – not a post Road as said [fraudulent] petitioner

Rowe would have been required to provide if by use of the United States mail, stated to

said [fraudulent] petitioner Rowe, "It is the incorrect address," meaning that it bore no

evidence of the property's Legal Address – not a post Road, to which [fraudulent]

petitioner Rowe replied, "Too late, you've been served."

9.      Ordinarily such a practice might be acknowledged as proper where a party sought

altogether to avoid any delivering of proper documentation, or even a summons or

subpoena ducas tecum, to the party to receive it, however this was not the case in this

case, for this was not the usual or ordinary condition that [fraudulent] petitioner Alan

Rowe would like to have believed about his actions that day of October 7, 2005, when he

knowingly chose to trespass upon property that he knew in advance of that trespass was

not located in any U.S. district of the United States, and not subject to his authority,

accordingly.

10.     That, in Constitutionally required obedience to the Fifth Amendment's "due

process," absolutely essential to the very science of law, or jurisprudence itself, and not

subjected to any form of abuse of process or misuse of process, it is to be noted that

[fraudulent] petitioner Rowe's admission of "Too late," was also an admission by him that

he, Rowe, was bent on the action to knowingly violate his own knowledge as to where, legally/physically the Legal Address of responding demandant was, and knew, by his very own statement, that that said property was not existent in any United States district as it was his intention, using the equally [fraudulent] claim of 7604, derived from the alleged congressional authority to pass the law codified as Title 28, Sections 81 through 131, involving particularly in this matter Section 109 thereof, to superimpose upon the same, by the pretext of "too late," at which precise instance the time of fraud had already begun to run.  This offensive violation is the basis for just charges for malversation, or public corruption, against any government wherein it lies, to wit:

(1)     Fraud, in whatever form it appears, has not statute or particular time line for limitation of its prosecution for unlawful act, no matter if that act goes back ten or twenty years, no matter if that act goes back one-hundred or two hundred years, where the fraud in question is still being perpetrated on any party who is harmed thereby, or even upon any person whose knowing act of fraud has only begun to run – ten, twenty, or thirty seconds or so, initiated by a knowing "Too late," when such statement came as a matter of knowledge that it was the only way in which he, [fraudulent] petitioner Alan Rowe believed that he could accomplish his "mission" or underlying agenda to effectuate jurisdiction for the Internal Revenue Service federal agency at any and all costs, even if that cost was a violation of one's solemn Constitution[al] Rights, to a real and damaging harm, and even if

the payment made by [fraudulent] petitioner Rowe was fraud, to jurisdiction

(2)     Neither the writing or establishing of the Constitution was ever any game, being paid for by the high price of precious blood of our people lost, that liberty and greater abundance of life might be achieved, not is its proper execution or enforcement any "game," equivalent to a condition of "Tag, you're it," that "It was only a little game of fraud, so it won't hurt *too much*," or "Whatever you can get away with is okay," or else "Too late," . . . . 'Non-lawfully existing jurisdiction for me and my agency Now Superimposed upon you, and the Constitution be damned if it should be found to get in the way. Who cares about that old Constitution thing anyway?'

(3)     Fraud is fraud is fraud is fraud, and there's no such thing as a "little light fraud," or that "whatever one can get away with, if only violates the Constitution a little bit, is okay," or "Too late," you lose, because 'my fraud has only just begun to run, for just a few seconds now, and so who's going to do anything to be about it, because it's all about "who" I am, and not "where you are."

11.     That [fraudulent] petitioner, Alan Rowe, knowing full well that his act, by any means whatsoever, to post any document on any part or person of or at the Legal Address in question was being done due to his inability to continue to utilize the United States

mails to deliver the same object of intent, knew that by such recognition he, in any official capacity, had no authority to set one foot upon the Legal Property – not a post Road - premises, without committing certifiable trespass in accordance to the laws of the State of New Hampshire.

12.      That the people or citizens of the several States of the United States who lived in any of the several States on December 31, 1944, and all dates prior thereto, had no greater Constitutional Right over the question as to where they did and did not live, than did and do the people living on January 1, 1945, and thereafter to this date, the official date when the applicable public law, passed by the Congress, was first codified as Title 28, United States Code, Sections 81 through 131, to Section 144, specifically in this case involving Section 109, wherein the Jurisdictionally Fraudulent and potentially treasonous act of creating dual residency in order that the United States, acting in conjunction with its earlier act of establishing United States district courts in the Judiciary Act of 1789, might circumvent its constrained limitations imposed upon it by Article I, Section 8, Clause 18, in conjunction with Clause 9 thereof, and by Article III, Section 2, Clause 3, and by Article IV, Section 2, Clause 2, and by Article IV, Section 4, of the Constitution For The United States;

13.      That responding demandant does not live nor has the same ever lived in any U.S. district of or for the United States, that responding demandant does not and never has lived on any post Road, whereby the United States has acquired even one foot of Clause 17, Section 8, Article I ground or land as a part of a "right of way," on either side thereof,

or upon any alleged "mail route" along any path way, proclaiming authority over properties belonging, in no wise under Clause 17, to the United States, but to private Stateside landowners alone, being created by the United States as a convenience to the people residing in the several States, not a right of the United States. to deliver on item to any person outside of a United States Post Office, now known about and provable as to the [f]actual history of the question of RFD, August – October, 1896;

14.     That there is sufficient evidence which has surfaced, and is still surfacing, that establishes that there exists an ongoing condition for Jurisdiction Fraud by the United States. for which it may be made a defendant in multiple qui tam action prosecutions, as well as State prosecutions, to illustrate and demand the utter reversal of the unConstitutional act of the Congress, that day of recognizable infamy, January 1, 1945, when the Congress caused the codification of Title 28, U.S.C., Sections 81 through 131, to begin to work its further Jurisdiction Fraud upon the governments and the people of the several States, for which it will, sooner now, not later, will have to account for, to all, inescapably.

15.     That because [fraudulent] petitioner Alan Rowe knew what he was in fact doing by his deliberate act of entering upon the Legal Address – not a post Road property that the same claims in his averment that he left his own posted document on a particular date, the same which was neither read, reviewed, and therefore not comprehended whatsoever as to its nature or content, either generally or specifically, said [fraudulent] petitioner has, in his petitioning this court for its involvement, has acted deceptively, dishonestly, has withheld

the foregoing certain material facts from the court, and has acted firmly and categorically in bad faith, and is subject to reproval for what he in bad faith has done.

16.     That there are considerable issues in question, and that will become in question, which, if the court should determine that said [fraudulent] petitioner has acted other than in bad faith, in order to hold any further procedures in this matter and not dismiss it altogether, which will call for an immediate requirement for interlocutory appeal to the court currently referred to as the 1st Circuit Court of Appeals but which may well be found to be the United States 1st Tribunal Court instead, initiating the subject matter jurisdiction challenge as to which court is the actual lawful court of the United States, and under what precise conditions that court Constitutionally and in fact exists.

17.     That this special appearance by responding demandant exists distinctly as a challenge for subject matter jurisdiction, not excluding other forms of jurisdictional challenges that may further apply, which must be overcome, not by the court itself, or any part thereof, but by the person of Alan Rowe, otherwise referred to herein as a [fraudulent] petitioner, and not as a party appearing before the court in any capacity than of bad faith, beyond unescapable doubt.

18.     That where a challenge for subject matter jurisdiction has been made, there exists the following Supreme Court endorsed rules, embodied in these cases, which must be followed to the black letter of the higher law of the United States high, or Supreme Court:

> Melo v. US, 505 F2d 1026. "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action."

Joyce v. US, 474 F2d 215. "There is no discretion to ignore that lack of jurisdiction."

Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732. "A universal principle as old as the law is that a proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property."

In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846. "Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio."

Wuest v. Wuest, 127 P2d 934, 937. "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction."

Merritt v. Hunter, C.A. Kansas 170 F2d 739. "Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris."

ASIS v. US, 568 F2d 284. "A judge ceases to sit as a judicial officer because the governing principle of administrative law provides that courts are prohibited from substituting their [own] evidence, testimony, record, arguments, and rationale for that of the agency. Additionally, courts are prohibited from substituting their judgment for that of the agency. Courts in administrative issues are prohibited from even listening to or hearing arguments, presentation, or rational."

Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. cd. 1666, 67 S.Ct. 1409. "**A court has no jurisdiction to determine its own jurisdiction**, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance."

19.    That the declaration, whether signed or unsigned, of "who" or "what" [fraudulent]

petitioner Alan Rowe *is* for any particular purpose has no relevancy to or bearing upon a

question of challenge of subject matter jurisdiction where the location or matter subject to

jurisdictional challenge lies outside of the legal boundaries set by Clause 17, of Article I,

Section 8, and by the explicit constraint imposed by Article IV, Section 3, Clause 2, and

any Affidavit or declaration to that end is irrelevant in contrast to where responding

demandant physically and legally is, and was or has been at any time, and where

responding demandant physically and legally is not and was not, which knowledge [fraudulent] petitioner Alan Rowe, in fact, had prior to his entry upon the Legal Address – not a post Road, of responding demandant, prior to filing his, [fraudulent] petitioner Rowe's, alleged cause of action with the court, as evidenced by his act of not using the United States mail, but using his own person to deliver the instrument in claim, instead.

20.     That the codified law of the United States at Title 4, U.S. Code, Section 72, does *not* contain any language of law that constitutes a "provided for" condition to bind United States Department heads and lower officers and operatives thereunder.

21.     That the codified law of the United States at Title 4, U.S. Code, Section 72, *does* contain the language of law that constitutes the positive law "provided" only condition to bind United States Department heads and lower officers and operatives thereunder, which law states specifically, and the same is applied directly to the Legal Address – not a post Road; not on a post Road; not in a U.S. district, of responding demandant, being thus laid, as law.  **Title 4, U.S. Code, Section 72**:

> "**Public offices; at seat of Government**.
>
> All offices attached to the seat of government shall be exercised in the District of Columbia, and not elsewhere, <u>except</u> <u>as</u> otherwise <u>expressly</u> <u>provided</u> [~~for~~] <u>by</u> <u>law</u>.  (emphasis and illustrative insertion added]

22.     That responding demandant did further advise [fraudulent] petitioner, Alan Rowe, that at no time has there existed any United States law expressly stating or including responding demandant's Legal Address – not a post Road - therein, not existing in any U.S. district, wherein either the office of the Secretary of the Treasury - of the United

States of America, or any other country or land, or the Commissioner of the Internal

Revenue Service - of the United States of America, or any other country or land, or both,

were empowered to perform the duties of their office, nor any officer, officer, or agent

thereof, therefor, or thereunder, would be additionally empowered to act for the same, and

that [fraudulent] petitioner's authority did not extend to responding demandant's Legal

Address – not [on] a post Road, whatsoever.

23.     In addition to these things foregoing, a review of the true intent of the

Constitution's Framers has been learned, and is now known – not known of, as it relates to

the strict limitation of Power upon the United States Congress, and any law subsequently

made by the same, to whatever agency it may appear to have been extended, as well as to

the strict limitations imposed upon the judicial branch of the United States government,

that the description of Constitutional purposes of both postal conditions and conditions

involved in commerce were discerned for the dates of June 15, 1787, August 6, 1787,

August 16, 1787, August 18, 1787, with legal inroads leading into the date of September

12, 1787, upon which charges for Jurisdiction Fraud and other heinous acts may also be

developed, in the event there should be sufficient cause to believe that the same should be

brought forth in official pleading, to be incorporated into the record, without condition for

dismissal ever again.

24.     That the United States Congress has no authority, nor has it ever had any authority,

connected to any of the limited number of Powers contained in the Constitution (as

stipulated to by the late, honorable, Chief Justice Rhenquist), to create any condition for

dual residency for any person residing in any of the several States of the United States, not by the use of any Power belonging to the executive branch, not by any power belonging to the judicial branch, not by any Power belonging to itself, or of its "own powers" (see the War Powers Resolution of 1973), to superimpose any person into any U.S. district, and thereby changing the inherent Constitutional rights of the people existing in the several States of the United States on December 1, 1944 back to September 17, 1787, to be drastically different from those lessened or diminished or disparaged rights (see Ninth Amendment) under the Constitution For The United States that began to be executed on and after January 1, 1945, under the alleged authority at Title 28, U.S. Code, Sections 81 through 131, to Section 144, and specifically Section 109 thereof as it applies to this instant case, accordingly.

25.     That there is now knowledge of cover-up of Jurisdiction Fraud, and greater, to high levels of corruption by the United States central government that extends right straight into the United States Constitution itself (no, not the "16th Amendment," nor any "13th Amendment" issue at question here), which would bring out such nationwide extraordinary controversy, that the United States central government would be at risk of being dismantled altogether -- by the several States themselves, with the precise and easy Constitutional ability to do so, which responding demandant will file suit for, before the 1st Tribunal Court of the United States, a True Court of the United States, as a case de novo, to bring the question of subject matter jurisdiction to a level at no time heretofore attained or decided, and for which, being a case of first impression, therefore there being no stare decisis, such knowledge being published abroad, throughout the world, in the

event that there should ever be any malicious attempt to gag or undermine the same from the public's right of knowledge, as the same applies to this particular numbered case.

26.     That the Jurisdiction Fraud of IRC 7604, derived as to its claim for fact and/or law under the codified U.S. law at Title 28, U.S. Code, Section 109, exists as a Collateral Attack to circumvent the constraints represented by the Constitution-truths at Article VII, Clause 2 (not published by most publishers), Article I, Section 8, Clause 18, Article I, Section 8, Clause 9 – in pari materia to Article III, Section 1, Article I, Section 8, Clause 3, Article I, Section 8, Clause 7, Article I, Section 9, Clause 6 – in pari materia to Article I, Section 8, Clause 3, Article III, Section 2, Clause 3, Article III, Section 3, Clause 1, Article II, Section 2, Clause 1, Article II, Section 4, Article IV, Section 3, Clause 2, and, inter alia, Article IV, Section 4, of the Constitution For The United States.

III.     While a considerable amount of time, and pages of pleadings, would be necessary to properly enter all of the relevant Constitution truths and facts pertaining to the unlawful acts of and by the United States, to be entered for the record by responding demandant, responding demandant reserves, at this time, the right to bring a counter-lawsuit against the United States government, its involved branches, departmental officers, actors, agencies, operatives, and other liable parties, utilizing a legal process existent for use by U.S. litigants before the standard Title 42, U.S. Code, Section 1983 (from the Civil Rights Act of 1866) was ever thought of, to be prosecuted accordingly, along with [fraudulent] petitioner, Alan Rowe, having appeared in bad faith before the court in the first instance, withholding from the court the knowledge of material facts in his possession that would have gone to establishing the fact that the alleged district court

for the United States for the territory of Washington, district of New Hampshire, had no authority upon which he, Rowe, could rely for any lawful purpose, as stated by the same.

IV.     The tests for subject matter jurisdiction, personal jurisdiction, and procedural jurisdiction set forth above, being the limited ones that have been laid down at this time, as a matter of required brevity, being without greater time to bring a greater host of charges, facts, findings of fact, conclusions of law, and exigent causes for concern, are not the only ones that responding demandant is able to bring forth in his own due time; therefore, in the event that [fraudulent] petitioner, outside of the issue of bad faith itself, should find it within his legitimate capacity to overcome all challenges for subject matter jurisdiction currently raised herein, it is to be understood that these challenges are by no means the last of the grounds for challenging subject matter jurisdiction in this instant case; there are others, many others, and among those many others there are yet others that [fraudulent] petitioner Alan Rowe has failed or refused to deny to the presence of the court, knowing that its existence tends toward the principle of being exculpatory, as a matter of fact, demanding a trier of fact only, as a matter of law.

V.     Responding demandant James M. Ramalho has hereby counter-charged [fraudulent] petitioner Alan Rowe that the United States [alleged] district court for the [alleged] district of New Hampshire, upon which he, Rowe, has elected to rely upon for his bad faith allegations, has not lawful subject matter jurisdiction, equating to no subject matter jurisdiction, in the above numbered instant miscellaneous case, and is therefore hereby required to meet every test incorporated herein as the same relates to the facts and Constitution[al] tests and conclusions of law denying subject matter jurisdiction to the said court named above, reserving the right to bring

forth yet a greater balance of challenges for subject matter jurisdiction, for which counter-suit and injunction may also be sought, to be brought in the True United States Court as the 1st Tribunal Court of the United States of [North] America.

Respectfully and Objectively Submitted,

_/ / 23 / 06_

James M. Ramalho, Responding Demandant

# CERTIFICATE OF SERVICE

I,  ___James M. Ramalho___ , hereby certify that I have filed a true and correct copy of this Opposition To Judicial Requisite For Order To Show Cause By, Inter Alia, Direct Challenge For Subject Matter Jurisdiction Of The Court Named Above with the Clerk of the Court for the United States [alleged] District Court for the [alleged] District of New Hampshire, and have caused that a true and correct copy of the same be served by mail, upon the persons at the addresses shown below.


Gretchen L. Witt, attorney for
Alan Rowe - 02-00516, et al;
   Internal Revenue Service federal agency
53 Pleasant Street – not a post Road, not on a post Road, not in a U.S. district
Concord, New Hampshire – near Post Office numbered 03301


Dated this  ___23rd___  day of  ___January___ , 2006.


_James M. Ramalho_

# Exhibit A

**Legal Address**: Lot 12 on "Plan of Lots," Plan 2478, of Overland Terrace ("OT"):    Beginning OT - southeast corner of Lot 11 on northerly line of Bullard Drive; then N 00° 57' W by the easterly line of said Lot 11, 113.38 feet to a point; then N 72° 30' E, 132.57 feet to a point; then S 21.° 16' E, 287.94 feet to a drill hole in stone in stone wall; from said point, being the northeast corner of Lot #13; then N 74° 46' W by the northeasterly line of said Lot 13, 180.88 feet to a point on the curve of Bullard Drive; then northerly by the curve of Bullard Drive; curve radius being 55.0 feet; the half delta being 52° 05' a distance of 100.0 feet to the point of beginning, located specifically, legally, by said coordinates in the organic and legal Town of Hookset, in the organic and legal County of Merrimack, in the organic and legal State of New Hampshire – not a post Road; – not on a U.S. post Road; – not in a U.S. district.





James M. Ramalho
Appearing By Convenience, Not By Confirmed Right Of A U.S. District Court
Appearing Specially, Privately, and Not Generally:

> **Legal Address**: Lot 12 on "Plan of Lots," Plan 2478, of Overland Terrace ("OT") : Beginning OT - southeast corner of Lot 11 on northerly line of Bullard Drive; then N 00° 57' W by the easterly line of said Lot 11, 113.38 feet to a point; then N 72° 30' E, 132.57 feet to a point; then S 21.° 16' E, 287.94 feet to a drill hole in stone in stone wall; from said point, being the northeast corner of Lot #13; then N 74° 46' W by the northeasterly line of said Lot 13, 180.88 feet to a point on the curve of Bullard Drive; then northerly by the curve of Bullard Drive; curve radius being 55.0 feet; the half delta being 52° 05' a distance of 100.0 feet to the point of beginning, located specifically, legally, by said coordinates in the organic and legal Town of Hookset, in the organic and legal County of Merrimack, in the organic and legal State of New Hampshire – not owned by United States of America. – not a post Road; – not  on a post Road;  –  not in a U.S. district.

## IN THE UNITED STATES [ALLEGED] DISTRICT COURT
## FOR THE [ALLEGED] DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Alan Rowe, for the Internal Revenue Service, fedcral agency, for the United States of America, et al, | **AFFIDAVIT OF JAMES M. RAMALHO PURSUANT TO OPPOSITION TO JUDICIAL REQUISITE FOR ORDER TO SHOW CAUSE BY, INTER ALIA, DIRECT CHALLENGE FOR SUBJECT MATTER JURISDICTION OF THE COURT NAMED ABOVE - 01/ 23 / 2006** |
| [Counter-Charged as Fraudulent] Petitioner, | |
| v . | **Also In Averment of Motion To Obey Constitution** |
| James M. Ramalho, | |
| Appearing As Stated Above, As | Misc. Case # 1 : 06 – mc – 1 – JD |
| Responding Demandant, | |
| | Judge  **Joseph A. DiClerico, Jr.** |

## VERIFICATION

STATE OF  NEW HAMPSHIRE         )
                                                          : **SS**
COUNTY OF MERRIMACK             )

AFFIANT having been duly sworn deposes and says:

1.       That Affiant is a citizen of the United States, and is a citizen, a resident, and has full and

          sole abode in the State of New Hampshire of the several States of the United States;

2.   That Affiant is of sufficient legal age to make this Affidavit;

3.   That Affiant is aware of the material content contained in the <u>Opposition To Judicial</u> <u>Requisite For Order To Show Cause By, Inter Alia, Direct Challenge For Subject Matter</u> <u>Jurisdiction Of The Court Named Above</u> as filed with the clerk of the United States [Alleged] District Court of the [Alleged] District of New Hampshire, of which Affiant is a party thereto, and Avers that the same therein is true;

4.   That this Affidavit has been made in support of said <u>Opposition To Judicial Requisite For</u> <u>Order To Show Cause By, Inter Alia, Direct Challenge For Subject Matter Jurisdiction</u> <u>Of The Court Named Above</u> in the above numbered instant or miscellaneous case;

5.   That Affiant is does not reside, have abode, or otherwise conduct any business in any U.S. district of or for the United States;

6.   That the Constitution continues to have and hold out the same Rights for the people of the several States of the United States commencing from January 1, 1945, that it did on the date of December 31, 1944 and back to the time of September 17, 1787;

7.   That the Constitution For The United States was in full force for all years commencing from 1787, inclusive of 1789, 1795, 1818, 1824, 1833, 1848, 1884, 1919, 1937, 1945, and any and all other pertinent years thereafter, or before if inadvertently not included herein, and all facts and Constitutional Conclusions of Law applicable to those years are binding upon this instant miscellaneous case today;

8.   That in a letter by Mr. Founder James Madison to Mr. Founder Thomas Jefferson, dated <u>October 17, 1788</u> , Mr. Founder Madison, in his regards to the question of a need for a bill of rights to control the federal government, stated that he had "never thought the omission [of one] to be a material defect;

9.   That [no] "material defect" means that Mr. Founder Madison believed that he knew that the Constitution had been constructed so perfectly, that it was in fact, virtually perfect for the purpose of controlling, absolutely, the Congress, and the Courts, and thereby the

Executive Branch, of the United States, even though his demise brought no explanation as to precisely what he meant by that;

10.     That no Constitution-authority exists, or ever has existed, on behalf of the Congress, to provide it the extended power to pass any law to allow it to escape the precise boundaries that it was granted by Clause 17, of Article I, Section 8, of the particular properties and places that it, by precise means and measures set forth therein, was authorized to employ thereunder, to declare itself to permeate "America's landscape," nor to alter or modify one whit of the said Constitution to apply to the governments of the several States, or the people residing or having abode therein, in order to escape its constrained jurisdiction imposed upon the United States as a part of the no "material defect" that Mr. Founder Madison knew legally existed, and by scientific operation of law, had power to prevail sufficient to prevent the Congress from doing anything that the Constitution, not the courts, did not let it do;

11.     That there has at no time been any performance of any chief officer of any department or for the United States in or on the Legal Address – not a post Road; not on a post Road, not in any U.S. district, of responding demandant, nor the authority of any agency, employee, or operative thereunder, as the Congress, in compliance with its constrained duties under the Constitution, did at Title 4, U.S. Code, Section 72. establish to prevent operations of the United States in places not truthfully established as a legitimate particular place for operations of the United States, which Legal Address – not a post Road; not on a post Road; not in any U.S. district, in included as such a particular excluded address;

12.     That Alan Rowe has been counter charged as being a fraudulent petitioner, being so charged and named as such in good faith that the same is in fact true, said Alan Rowe having had specific fundamental knowledge that caused  him to refuse to exercise the invited use of the U.S. mail to deliver his desired documents to responding demandant, James M. Ramalho, but, knowing that by doing so would certify officially the true

whereabouts of responding demandant, chose instead to commit a collateral attack by trespassing upon the Legal Address – not a post Road; - not on a post Road; not in a U.S. district - property of responding demandant James M. Ramalho, in order to circumvent the straight forward Constitution-rights of James M. Ramalho, and all others residing or having abode therein;

13. That much more than this exists, going back to year of 1789, and thereafter, as evidence denying this court any jurisdiction at all in any such case as this numbered instant case purports to be, which if the amount of evidence pertaining to the challenge for subject matter jurisdiction is not sufficient as provided in the above named filed document, and will be brought forward in a True Court of the United States, de novo, or the 1st Tribunal Court of the United States, with all necessary [alleged] district court procedural paperwork being conveyed to that court for a full and unique original action case therein, with plenary jurisdiction applicable thereto as a matter of proper and true Constitution-Law;

14. That the question of what is and what is not a post Road of the United States, and upon what basis the same may be at all regulated, and where and where not any such post Road may or does exist - except there be an occurrence of fraud by claim of de facto jurisdiction - is a matter that requires considerably greater examination of the matter to expose the unlawful political ramblings at law-making of one or more reckless and derelict congresses of the United States to the courts and to the people, than the time constraints that this proceeding has provided for may admit;

15. That this Affidavit also supports responding demandant's Motion To Obey The Constitution For The United States Above All Other Laws Applicable Thereto in its summary submission to the above named court, said recognized as an honorable court in such a matter for motion, even if held to not have subject matter jurisdiction in the above numbered case, and this paragraph serves exclusively such said motion, but may not be

construed as to denying any other part of this Affidavit as supporting such said motion as well;

16. That Affiant swears and deposes that the facts, findings, evidences, and conclusions of law contained therein he knows to be true or reasonably believes the same to be true of his own knowledge.

Dated this ___23rd___ day of __January__, 2006.

**UNDER PENALTY OF PERJURY**

James M. Ramalho – Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _23rd_ DAY OF _January_, 2006.

NOTARY PUBLIC - HILLSBOROUGH MERRIMACK